UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BONIFACIO TORRES-HURTADO,<br><br>　　　　Defendant. | No.  2:14-cr-00233-GEB<br><br>**TRIAL CONFIRMATION ORDER** |

Trial in the above-captioned case, scheduled to commence at 9:00 a.m. on August 30, 2016, was confirmed at the hearing held on April 22, 2016.

**EVIDENTIARY DISPUTES**

All evidentiary disputes capable of being resolved by in limine motions shall be set forth in such motions no later than July 8, 2016. Oppositions to the motions or statements of non-opposition shall be filed no later than July 15, 2016. Hearing on the motions will commence at 9:00 a.m. on August 5, 2016.

Any reasonably anticipated dispute concerning the admissibility of evidence that is not briefed in an in limine motion shall be included in trial briefs. E.D. Cal. R. 285(a)(3).

1

**TRIAL PREPARATION**

A. No later than August 1, 2016, the following documents shall be filed:[1]

    (1) proposed jury instructions and a proposed verdict form;

    (2) proposed voir dire questions to be asked by the Court;

    (3) trial briefs;

    (4) a joint statement or joint proposed jury instruction that can be read to the jury during voir dire that explains the nature of the case; and

    (5) proposed verdict form.

B. The parties estimate it will take approximately four court days to present, which includes closing arguments. Each side indicated ten minutes is sufficient for voir dire, which may be used after the judge completes judicial voir dire.

Two alternate jurors will be empaneled. The "struck jury" system will be used to select the jury. The struck jury system is "designed to allow both the prosecution and the defense a maximum number of peremptory challenges. The venire . . . start[s] with about 3[6] potential jurors, from which the defense and the prosecution alternate[] with strikes until a petite panel of 12 jurors remain[s]." Powers v Ohio, 499 U.S. 400, 404-05 (1991); see also United States v. Esparza-Gonzalez, 422 F.3d 897, 899 (9th Cir. 2005) (discussing the "struck jury" system).

---

[1] Defendant need not file a trial brief and/or proposed jury instructions if he has tactical or other reasons for not complying with this portion of the order.

2

The Jury Administrator randomly selects potential jurors and places their names on a list that will be provided to each party in the numerical sequence in which they were randomly selected. Each juror will be placed in his or her randomly-selected seat. The first 12 jurors on the list will constitute the petit jury unless one or more of those 12 is excused for some reason. Assuming that the first listed juror is excused, the thirteenth listed juror becomes one of the twelve jurors.

The Courtroom Deputy will give each juror a large laminated card on which their number is placed. When questions are posed to the jurors as a group, they will be asked to raise their number if they have a response. Generally, jurors will be given an opportunity to respond in numerical order.

Following the voir dire questioning, each side will take turns exercising its peremptory challenges. The parties will be given a sheet of paper ("strike sheet") upon which they shall silently exercise their peremptory challenges in the manner specified on the strike sheet, commencing with Defendant, by passing the strike sheet back and forth until all peremptory challenges are used or waived.[2] See Esparza-Gonzalez, 422 F.3d at 899 ("Beginning with the defense, each side exercises its . . . peremptory strikes on an alternating basis."). If a side elects to pass rather than exercise a particular peremptory challenge, that challenge is waived.[3]

---

[2]  Prospective alternate juror peremptory challenges "may be used only to remove alternate jurors." Fed. R. Crim. P. 24(c)(4).
[3]  See id. (discussing waiver of peremptory challenges in "struck jury system"); see generally United States v. Yepiz, 685 F.3d 840, 845-46 (9th Cir. 2012) (indicating "'use it or lose it' voir dire practice" is authorized if "the composition of the panel" does not change).

3

The alternate jurors will be retained after the jury retires to deliberate, and be kept in the alternate juror status, but they will not have to appear at court unless the need arises for an alternate juror to replace a regular juror.

C.   Each side has up to fifteen minutes to make an opening statement.

IT IS SO ORDERED.

Dated: April 22, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge